UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH WRENN, | ) CASE NO. 1:23-CV-611 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| vs. | ) |
| RESIDENTIAL CREDIT SERVICES, *et al.*, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

*Pro se* Plaintiff Kenneth Wrenn filed this action against Defendants Residential Credit Services and Select Portfolio Servicing, Inc. ("SPS") (ECF No. 1) in the Cuyahoga County Court of Common Pleas. The Complaint alleges disability discrimination in violation of the Americans with Disabilities Act ("ADA"). *Id.* SPS removed the case to federal court and filed a motion to dismiss the complaint. (ECF Nos. 1, 4). On July 11, 2023, the Court ordered Plaintiff to do the following by July 25, 2023: 1) respond to the motion to dismiss, 2) file an amended complaint, or 3) show cause why this matter should not be dismissed for failure to prosecute. (ECF No. 6). On July 24, 2023, Plaintiff opposed SPS's motion. (ECF No. 10). SPS replied in support of its motion on July 28, 2023. (ECF No. 13).

On July 24, 2023, the Court referred the case to Magistrate Judge James E. Grimes, Jr. for general pretrial supervision, discovery issues, and resolution of non-dispositive motions. (ECF No. 12).

I. **Residential Credit Services**

On August 15, 2023, Magistrate Judge Grimes issued an order ruling on several motions filed by Plaintiff and ordering Plaintiff to return a complete summons for remaining Defendant,

1

Residential Credit Services, on or by September 5, 2023. (ECF No. 14). After service was returned as unexecuted by the U.S. Marshal (ECF No. 26), Magistrate Judge Grimes ordered Plaintiff to submit an updated completed summons by October 27, 2023. (ECF No. 27).

After that order, Plaintiff attempted to serve Residential Credit Services again. (ECF No. 28). This service was returned with an indication that it was executed on November 7, 2023. (ECF No. 35). However, a review of the summons shows that Plaintiff served "Select Portfolio Servicing aka Residential Credit Services" at the same address he previously served SPS. (ECF No. 1). There is no indication that the two Defendants are the same entity. In other words, Wrenn served SPS a second time. He still has not served Residential Credit Services.

In October, Plaintiff was warned:

> the Court will provide one more opportunity to Wrenn to serve Residential Credit Services. … Wrenn's failure to submit the summons or to successfully execute service on Residential Credit Services will result the Court dismissing this action against Residential Credit Services without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court … *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time") (emphasis added).

(ECF No. 27, PageID 126). Plaintiff, despite three tries, has not served Residential Credit Services. More than 90 days have passed since Plaintiff filed his complaint. The Court warned Plaintiff that Residential Credit Services would be dismissed from this case if he failed to execute service. Thus, Residential Credit Services is **DISMISSED WITHOUT PREJUDICE** from this case. *See* Fed. R. Civ. P. 4(m).

## II.     Select Portfolio Servicing, Inc.

SPS moved to dismiss Plaintiff's complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) because of Plaintiff's failure to adequately plead a claim for violation of the ADA, intentional infliction of emotional distress, or defamation. (ECF No. 4). Plaintiff's complaint states,

> Plaintiff is a disabled American by and through Sjorgren's Syndrome, and in need of accommodations. Said disease is a recognized disabling condition by and through the Social Security Administration.
>
> Plaintiff complains for relief from lack of accommodations per Americans with Disabilities Act of 1990, as amended, emotional distress, and defamation, but not limited to. Sustained on or about April 19, 2011 to current.

(ECF No. 1, PageID 7–8). The complaint does not identify either of the Defendants, except in the case caption, and does not identify any alleged acts or omissions by Defendants. Due to the lack of information in the complaint and the lack of response to SPS's motion, the Court issued an order on July 11, 2023 providing the Plaintiff an opportunity to respond to SPS's motion to dismiss, file an amended complaint, or show cause why the matter should not be dismissed by July 25, 2023. (ECF No. 6).

Plaintiff filed a document entitled "Motion by Plaintiff in Opposition to Defendant's Motion to Dismiss" on July 24, 2023. (ECF No. 10). Plaintiff writes that SPS's "defense is solely tied to the fact that Plaintiff is not disabled" and alleges that the motion never mentions the word disabled or mentions the ADA. *Id*. Plaintiff also notes that he "still does not have a copy of alleged agreement nor has Plaintiff been allowed to view the alleged signed agreement." *Id*. Plaintiff never referenced any type of agreement in previous filings. At the end of his filing, Plaintiff states he "will forward to said court without delay an amended civil complaint." *Id*. Plaintiff did not amend his complaint prior to the July 25, 2023 deadline.

SPS replied that Plaintiff failed to address the arguments in its motion and thus, waived and abandoned those claims. (ECF No. 13). The fact that Plaintiff is disabled, alone, does not establish a claim for defamation, violation of the ADA, or intentional infliction of emotional distress. *Id*.

The Court agrees with SPS that Plaintiff's complaint is not sufficient to properly plead a

claim for violation of the ADA, intentional infliction of emotional distress, or defamation. The "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The only fact that Plaintiff included in his complaint is that he is a disabled American suffering from Sjogren's Syndrome. (ECF No. 1, PageID 7). To succeed on a failure to accommodate claim under the ADA, Plaintiff must prove 1) that he is disabled, 2) his requests for accommodation were reasonable, and 3) that Defendant denied those requests. *A.F. v. Association of American Medical Colleges*, __F.Supp.3d__, 20223 WL 4072128, *7 (S.D. Ohio June 20, 2023). Even if Plaintiff adequately pleaded he is disabled, he does not identify any requests for accommodation that he made or SPS's denial of any alleged requests. Consequently, the pleadings are not sufficient to establish a claim for an ADA violation.

A claim for intentional infliction of emotional distress under Ohio law requires that Plaintiff prove 1) Defendant intended to cause emotional distress or knew or should have known that its conduct would result in serious emotional distress to Plaintiff, 2) Defendant's conduct was outrageous and extreme and beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community, 3) Defendant's conduct was the proximate cause of Plaintiff's psychic injury, and 4) Plaintiff's emotional distress was serious and of such a nature that no reasonable person could be expected to endure it. *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1110 (6th Cir. 2008). Plaintiff did not plead any elements of a claim for intentional infliction of emotional distress.

To succeed on a defamation claim under Ohio law, Plaintiff must prove 1) a false statement of fact was made, 2) the statement was defamatory, 3) the statement was published, 4) Plaintiff suffered injury as a proximate result of the publication, and 5) Defendant acted with the requisite

4

degree of fault in publishing the statement. *Am. Chem. Soc. v. Leadscope, Inc.*, 978 N.E.2d 832, 852 (Ohio 2012). Plaintiff did not plead any elements of a claim for defamation.

Accordingly, SPS's motion to dismiss is **GRANTED**. As this case is dismissed, Plaintiff's motion to change venue (ECF No. 20) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: December 11, 2023

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**